UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG HAMELIN and MICHAEL McCARRON, Individually and as representative of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>KINDER MORGAN, INC., KINDER MORGAN ENERGY PARTNERS, L.P., TENNESSEE GAS PIPELINE CO., LLC., THE BERKSHIRE GAS COMPANY, and AVANGRID, INC.<br><br>*Defendant.* | Civil Action No. 3:21-cv-30054 |

### DEFENDANT THE BERKSHIRE GAS COMPANY'S MOTION TO DISMISS FOR FRAUDULENT JOINDER UNDER RULES 12(b)(6) and 21

Pursuant to Rules 12(b)(6) and 21 of the Federal Rules of Civil Procedure, Defendant The Berkshire Gas Company ("Berkshire") moves to be dropped from this action under the doctrine of fraudulent joinder and for failure to state a claim upon which relief can be granted.

As grounds for this Motion, Berkshire incorporates by reference the arguments set forth in the Removing Defendants' Notice of Removal, filed May 7, 2021 (ECF No. 1) and states:

1. Individual plaintiffs Craig Hamelin and Michael McCarron (collectively "Plaintiffs") assert three causes of action against all Defendants in their state court complaint dated January 27, 2021 (the "Complaint," ECF No. 1-1): negligence (Count I), fraudulent concealment (Count II) and medical monitoring (Count III). Because there is complete diversity of citizenship among Plaintiffs and all other defendants except Berkshire, and because the

1

Complaint seeks damages in excess of $75,000, this case would ordinarily create federal diversity jurisdiction. However, Berkshire has been fraudulently joined to the underlying action solely to defeat diversity. Berkshire should be dropped and dismissed from this removed action because there is no reasonable basis in law or fact for Plaintiffs' claims against Berkshire.

2. A finding of fraudulent joinder necessitates an implicit determination whether Plaintiffs have failed to state a cause of action against Berkshire. In the Complaint, Plaintiffs allege that they were exposed to dangerous levels of radiation during their employment with Berkshire. Plaintiffs contend that, as a result this alleged exposure, Mr. Hamelin developed a rare blood cancer and Mr. McCarron and all other similarly situated former and current employees have a higher risk for developing cancer. Plaintiffs have pleaded an archetypical claim for workplace injury from alleged toxic exposure against their former employer, Berkshire.

3. Plaintiffs fail to state any colorable claims against Berkshire because all asserted counts are barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, Mass. Gen. L. c. 152, §§ 15, 18, 24. The Massachusetts Workers' Compensation Act is the exclusive remedy for alleged injuries to an employee in the course of employment, and Plaintiffs have invoked no recognized exception to this complete bar. The common law tort relief that Plaintiffs pursue in the Complaint may only be sought through the system created by the Massachusetts Workers' Compensation Act and not, as a matter of law, through the present action.

4. Because the Complaint fails as a matter of law to state a claim against Berkshire and the misjoinder of Berkshire in this lawsuit has the effect of destroying complete diversity between Plaintiff and the remaining defendants, Berkshire is entitled to be dropped under the doctrine of fraudulent joinder pursuant to Rules 12(b)(6) and 21.

WHEREFORE, for the reasons set forth above, in the Removing Defendants' Notice of Removal, and in the Memorandum of Law filed herewith, Berkshire respectfully requests an Order dropping it from this action and dismissing all claims asserted in the Complaint against Berkshire.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

In compliance with Local Rule 7.1(a)(2), on May 7 and 10, 2021, the undersigned counsel for Defendant The Berkshire Gas Company conferred with counsel for Plaintiffs via telephone and email in an attempt to resolve or narrow the issues raised in this Motion, but was unable to do so.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant The Berkshire Gas Company believes that oral argument will assist the Court and wishes to be heard. Defendant The Berkshire Gas Company therefore requests oral argument on this Motion.

Date: May 11, 2021                                    Respectfully submitted,

**DEFENDANT THE BERKSHIRE GAS COMPANY**

By its attorneys,

*/s/ Melanie A. Conroy*
Melanie A. Conroy (BBO# 568830)
mconroy@pierceatwood.com
Sarah R. Remes (BBO# 698720)
sremes@pierceatwood.com
Pierce Atwood LLP
100 Summer Street
Boston, MA 02110
617-488-8100

3

13191402.1

**CERTIFICATE OF SERVICE**

    I hereby certify that, on May 11, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          */s/ Melanie A. Conroy*
                                          Melanie A. Conroy (BBO# 568830)

13191402.1