UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRAIG HAMELIN and MICHAEL McCARRON, )
Individually, and as representatives of all others )
similarly situated, )
)
        Plaintiffs, )
)
)
        v. )  Case No.: 3:21-cv-30054-MGM
)
)
KINDER MORGAN, INC., KINDER MORGAN )
ENERGY PARTNERS, L.P., TENNESSEE )
GAS PIPELINE CO., LLC, )
)
        Defendants. )

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL INITIAL
DISCLOSURES AND DISCOVERY FROM PLAINTIFFS
(Dkt. Nos. 65, 82)

I.    Introduction

Plaintiff Michael McCarron has filed suit on behalf of himself and similarly situated individuals who worked on gas pipelines connected to the Tennessee Gas Pipeline and were allegedly exposed to radiation on the job, thereby increasing their risk of developing cancer in the future. Plaintiff Craig Hamelin has developed a rare blood cancer and alleges that it was caused by exposure to radiation on the job. Now before the court is a motion filed by defendants Kinder Morgan, Inc., Kinder Morgan Energy Partners, L.P., and Tennessee Gas Pipeline Co., LLC (collectively, "Defendants") to compel initial disclosures and discovery from the plaintiffs (Dkt. No. 65). Defendants filed their motion to compel on August 1, 2022, requesting to be heard on the motion (Dkt. No. 65). At the September 1, 2022 hearing, the parties informed the court that the plaintiffs had, on August 31, 2022, produced discovery to Defendants. With the

parties' agreement, the court gave the defendants to September 16, 2022, to file a supplemental brief in support of their motion to compel if they deemed such a motion necessary after their review of the plaintiffs' discovery responses.  Defendants filed a supplemental memorandum on September 16, 2022, which the court will treat as the operative motion to compel (Dkt. No. 82). For the reasons set forth below, the court grants Defendants' motion in part and denies it in part.

II.     Relevant Background

A.  Factual allegations and claims.

The factual allegations and claims set forth herein are drawn from the First Amended Complaint and Jury Demand (Dkt. No. 61).  The plaintiffs, who are long-term former employees of the Berkshire Gas Company, seek to certify a class of persons who "ever worked on gas pipelines connected to the Tennessee Gas Pipeline for a minimum of four years and have not yet been diagnosed with bone, blood or lung cancer" (Am. Compl. ¶¶ 7-8, 17).[1]  According to the plaintiffs, Tennessee Gas Company (TGP) operations disturb and distribute naturally occurring radioactive material (Am. Compl. ¶ 42).  The most commonly occurring radioactive element in oil and gas production is radium, which tends to build up in fluids and as scale on pipeline equipment (Am. Compl. ¶¶ 43, 46).  Cleaning waste from gas pipelines – referred to as pigging – results in accumulated waste material, including scale, that can be another source of material containing radioactivity (Am. Compl. ¶¶ 47-50).  Radium and radon exposure are known to cause cancer (Am. Compl. ¶ 78).  The plaintiffs allege that Defendants have known about the risk that their employees would be exposed to carcinogenic substances for many years.  They have not taken available steps to protect their employees and others from exposure, nor have they disclosed the exposure risks to their employees and others (Am. Compl. ¶¶ 86, 98).

---

[1] Hamelin, who has been diagnosed with a blood cancer, is excluded from the class.

On behalf of himself and other members of the putative class, McCarron alleges that he and other putative class members have been exposed to dangerous levels of radiation and radon gas in the workplace, significantly increasing their risk of developing diseases, including cancers of the blood, bones, and lungs (Am. Compl. ¶ 89).  The plaintiffs bring claims of negligence (Count I); and fraudulent concealment (Count II) against all Defendants (Am. Compl. ¶¶ 113-132).  McCarron, on behalf of himself and others similarly situated, brings a claim for medical monitoring (Count III) (Am. Compl. ¶¶ 133-139).

III.   Discussion

Fed. R. Civ. P. 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

In their September 16, 2022, supplemental memorandum, Defendants seek to compel the production of information concerning two topics. First, they seek the production of plaintiff McCarron's medical records. Second, they seek production of non-party documents they assert the plaintiffs' attorneys have assembled that support (or undermine) the plaintiffs' claims or that concern alleged radon exposure, and they seek to compel answers to contention interrogatories that ask the plaintiffs to state the factual bases for their claims (Dkt. No. 82 at 7). The court addresses these categories of information in turn.

   A. Medical Records

Under Massachusetts law, plaintiffs who allege that because of physiological changes caused by exposure to a hazardous substance, they are at substantially greater risk of illness or injury due to the negligence of a responsible party, state a cognizable claim and, if successful, are entitled to the remedy of a program of medical monitoring. *See Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 901(Mass. 2009) (responding to questions certified by the federal district court). The elements of such a claim are that:

> (1) [t]he defendant's negligence (2) caused (3) the plaintiff to become exposed to a hazardous substance that produced, at least, subcellular changes that substantially increased the risk of serious disease, illness, or injury (4) for which an effective medical test for reliable early detection exists, (5) and early detection, combined with prompt and effective treatment, will significantly decrease the risk of death or the severity of the disease, illness, or injury, and (6) such diagnostic medical examinations are reasonably (and periodically) necessary, conformably with the standard of care, and (7) [plaintiff must prove] the present value of the reasonable cost of such tests and care, as of the date of the filing of the complaint.

*Id.* at 902 (footnote omitted) (citing *Sullivan v. Old Colony St. Ry.*, 83 N.E. 1091, 1092 (Mass. 1908)). Defendants contend that McCarron must produce his medical records because, to sustain his claim and to qualify as a suitable representative of a class, he must show by competent evidence that he has at least suffered subcellular changes that substantially increase his risk of

4

serious disease, illness, or injury. *See id.* at 901 ("No particular level or quantification of increase in risk of harm is necessary, so long as it is substantial and so long as there has been at least a corresponding subcellular change."). Defendants point to their document requests numbers 92, 93, 95, 96, and 102 as requesting McCarron's medical records. McCarron has responded that he does not have any documents responsive to each of these requests (Dkt. No. 82-1 at 13-14). In their supplemental response to Defendants' motion to compel, the plaintiffs contend that the court should not compel the production of McCarron's medical records because there is nothing in his medical records that would or does show cellular damage that might lead to radiation related disease, and that they intend to satisfy this element of their claim by evidence from experts whom they expect will opine generally that individuals exposed to radiation are at higher risk of developing illness or disease. Thus, they contend, McCarron's medical records are not relevant to his claims (Dkt. No. 85 at 3-4).

The court begins by addressing two general arguments before turning to the specific requests. First, Defendants contend that, by failing timely to object to the discovery requests served on them, Plaintiffs have waived any objections to those requests (Dkt. No. 82 at 11). It appears undisputed that Plaintiffs neither timely responded to Defendants' discovery requests nor timely requested additional time to do so. Pursuant to Federal Rules of Civil Procedure 33(b)(4) and 34(b), a party's failure timely to object to discovery requests may be deemed a waiver of any objections to those requests. *See, e.g., Rivera v. Kmart Corp.*, 190 F.R.D. 298, 300 (D.P.R. 2000) (if a party fails to respond to discovery requests on a timely basis, that party "may be held to have waived any objections") (citing *Marx v. Kelly, Hart & Hallman*, P.C., 929 F.2d 8, 12 (1st Cir. 1991)). "However, judicial discretion is still at play in cases of waiver, and a court can decline to deem late objections waived when '[the discovery] request far exceeds the bounds of
5

fair discovery.'"  *Katz v. Liberty Power Corp.*, Case No. 1:18-cv-10506-ADB-DLC, 2021 WL 3616073, at *1 (D. Mass. Mar. 29, 2021) (alteration in original) (quoting *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)); *see also Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.*, 269 F.R.D. 143, 146 (D.P.R. 2010); *Rivera*, 190 F.R.D. at 300.  Here, according to the plaintiffs, Defendants served well over 100 requests for documents (Dkt. No. 71 at 1).  It appears that Plaintiffs served unverified answers, at least to Defendants' first set of interrogatories, on a reasonably timely basis (Dkt. No. 66 at 3).  The court is not persuaded that Defendants have been hampered or significantly delayed in their defense of the case.  Plaintiffs agreed to, and did, cooperate in early discovery targeted at identifying the employer of the named plaintiffs and Defendants' motions to dismiss or for summary judgment were filed in August 2022 (Dkt. Nos. 67, 68).  Where the discovery requests are extensive, the plaintiffs made efforts to respond to discovery and to cooperate in efforts to narrow and focus the parties' disputes, and Defendants have not been significantly delayed in mounting their defense, the court exercises its discretion and finds that the plaintiffs have not waived their objections to Defendants' document production requests and interrogatories.  *See Katz*, 2021 WL 3616073, at *1.

     Second, Defendants represent that the plaintiffs have resisted producing McCarron's medical records on the basis, at least in part, that they are not in possession of the records (Dkt. No. 82 at 8).  Plaintiffs have not relied on this contention in their supplemental response to Defendants' motion to compel, nor would this be a valid objection.  In response to a document production request, a party is obligated to produce nonprivileged documents in the party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The concept of control has been construed broadly.  *See, e.g., Roy v. FedEx Ground Package Sys., Inc.*, Case No. 3:17-cv-30116-

KAR, 2021 WL 3727143, at *2 (D. Mass. Aug. 23, 2021). A document is under the control of a party when the party has the right or authority to obtain copies of the document. *See id.* A plaintiff "is in control of [his or] her medical records, as [he or] she has the legal right to obtain them." *Greenberg v. United States*, Civil Action No. 89-2390-MC, 1990 WL 10719139, at *3 (D. Mass. Sept. 7, 1990). McCarron has control of his medical records, and, to the extent Defendants' requests are not overbroad and are for relevant records, McCarron cannot avoid production of such records on the basis that the records are not presently in his possession.

Turning to Defendants' requests for McCarron's medical records, "[s]everal courts have ordered plaintiffs in medical-monitoring actions to produce at least some portion of medical history." *Brown v. Saint-Gobain Performance Plastics Corp.*, Civil No. 16-cv-242-JL, 2018 WL 10517306, at *2 (D.N.H. Oct. 10, 2018) (citing *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-cv-125, slip op. at 8-9 (D. Vt. Sept. 12, 2017); *Ballard v. Union Carbide Corp.*, No. 2:11-cv-00366, 2012 WL 2089511, at *3-4 (S.D. W. Va. June 8, 2012); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 283 (C.D. Cal. 1999)). "That said, as [McCarron] observe[s], [Defendants'] requests for production are overbroad," *id.*, and are not limited to records relevant to McCarron's suitability as a class representative. Additionally, "[t]he court cannot compel a party to produce documents that do not exist …." *Moulton v. Bane*, Civil No. 14-cv-265-JD, 2015 WL 12990224, at *2 (D.N.H. Nov. 10, 2015).

Defendants' document requests 92 and 93 ask for medical records from McCarron that reflect injuries sustained by him.[2] An "injury" is defined as "physical harm or damage to

---

[2] Defendants' document request 93 also seeks all medical records and reports related to any illness with which McCarron was diagnosed in the past thirty years (Dkt. No. 82-1 at 13). This aspect of the request is overbroad and unduly burdensome. *See Brown*, 2018 WL 10517306, at *2-3. The plaintiffs' objection to this request has merit and the court agrees that the plaintiffs

someone's body caused by an accident or an attack." CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org (last visited Dec. 7, 2022). McCarron does not claim to have suffered an "injury," according to this dictionary definition, at work or in connection with his exposure to radioactive substances. Accordingly, these requests seek documents that are not relevant to McCarron's claims.

Defendants' document request 95 seeks production of all of McCarron's medical records concerning any illness McCarron claims was caused by radon, radiation, or other radioactive materials. Their document request 96 seeks McCarron's medical records for the last five years concerning any "personal injury, illness, disease, or condition" that required an examination or, treatment by, or consultation with, any physician or medical facility. Defendants' document request 102 asks for all documents concerning cellular damage McCarron alleges he has suffered.[3] As to each of these requests, Plaintiff has responded that he does not have any responsive documents (Dkt. No. 82-1 at 14).

There is an argument that, under Massachusetts law, to serve as a class representative for a medical monitoring claim, McCarron will have to show "at least, subcellular changes that substantially increased the risk of serious disease, illness, or injury … for which an effective medical test for reliable early detection exists." *Donovan*, 914 N.E.2d at 902. Further, it appears that courts adjudicating claims similar to those advanced by the plaintiffs usually have permitted some discovery into a plaintiff's recent medical history. Defendants' request for McCarron's

---

have properly invoked the objections of overbreadth and lack of relevance to this aspect of Defendants' document request 93.

[3] In addition to seeking documents from McCarron, Defendants' document requests 96 and 102 seek documents from putative class members. Such discovery is premature in this case. *See generally Katz v. Liberty Power Corp.*, Civil Action No. 18-cv-10506-ADB, 2019 WL 957129 (D. Mass. Feb. 27, 2019).

medical records for the last five years is reasonable in temporal scope. Accordingly, so much of Defendants' motion to compel as seeks the production of McCarron's medical records from January 1, 2018, to the present is granted. McCarron may satisfy this obligation by providing signed releases for medical records for each of the physicians with whom he has treated and for each medical facility where he has treated during the last five years.

To the extent the plaintiffs possess, or have control over, documents relevant to any illness McCarron claims was caused by radon, radiation, or other radioactive materials, or that concern any cellular damage he has experienced that he attributes to his employment, those documents also must be produced. To the extent he neither possesses nor controls such documents, he must serve a supplemental response to his document production response indicating that he neither possesses nor controls documents responsive to Defendants' document requests 95 and 102.

B. Documents supporting or refuting the plaintiffs' factual contentions

In a number of document requests directed at each of the plaintiffs, Defendants have requested documents concerning, supporting, or refuting factual allegations in the complaint concerning matters such as how exposure to radioactive materials might occur on the job, Defendants' alleged failure to take safety precautions for employees, and the connection between radiation exposures and the development of blood or other cancers (Dkt. No. 82 at 15 n.9). The plaintiffs have objected to producing such documents on work product grounds, explaining that the documents the plaintiffs have declined to produce reflect research by counsel in preparation for expert discovery. The plaintiffs contend that Defendants' demand for this material, on which the plaintiffs' experts will base their opinions, seeks work product or is premature. The plaintiffs have not provided a privilege log (Dkt. No. 85 at 1-3). In the court's view, as to a majority of

Defendants' requests, the plaintiffs misapprehend their discovery obligations. As to a subset of the requests, the plaintiffs' objections have merit.

Federal Rule of Civil Procedure 26(b)(3)(A) provides, in pertinent part, that "a party may not discover documents … that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney ….)" The work product protection codified in Rule 26(b)(3)(A) is qualified. An opposing party may still obtain documents that qualify as work product if the requesting party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

For the most part, Defendants' document requests concerning the allegations in the complaint seek production of documents that support or refute the factual contentions in the complaint. Defendants contend that the plaintiffs are refusing to produce documents that were assembled by counsel as a result of researching the bases of the plaintiffs' claims and that documents merely "assembled or collected in anticipation of litigation do not enjoy work-product protection." *In re New Century*, NO. CV 07-0931 DDP (FMOx), 2009 WL 10691336, at *5 (C.D. Cal. Dec. 7, 2009). *See also Rejdak v. Worthington Cylinders Wis.*, No. 15 CV 9373, 2016 WL 6248183, at *3 (N.D. Ill. Oct. 26, 2016) ("courts in this Circuit have concluded that the mere assembly of documents without any additional information that would reveal the attorney's thought process is subject to discovery") (citing *E.E.O.C. v. Jewel Food Stores*, 231 F.R.D. 343, 347 (N.D. Ill. 2005)).

It appears that the most closely related case in the First Circuit is *In re San Juan Dupont Plaza Fire Litig.*, 859 F.2d 1007 (1st Cir. 1988), in which the First Circuit held, in exceptionally complex litigation that was being actively managed by the court, that a list of approximately

70,000 documents plaintiffs' counsel had identified in anticipation of depositions was work product, but classified the list as "less than fully-protected opinion work product," *id*. at 1016, and affirmed the trial court's order requiring disclosure of the list. *Id.* at 1019-20. In its ruling, the court observed that "[l]ike required pleadings, answers to contention interrogatories, pretrial exhibit and witness lists, and trial memoranda, [the list of relevant documents] merely adjusts the timing of disclosure. The situation is not remotely analogous to the situation where a party seeks an attorney's personal notes and memoranda …." *Id.* at 1017.

In considering the issue raised by Defendants' request for factual information on which the plaintiffs' claims are based, the discussion in *Summer Infant (USA), Inc. v. TOMY Int'l, Inc.*, C.A. No. 17-549MSM, 2019 WL 5448680 (D.R.I. Oct. 24, 2019), is instructive. *Summer Infant* was a patent case in which the *Summer Infant* plaintiff and defendant-in-counterclaim intended to rely on expert opinions on the issues of the obviousness and sufficiency of the patent claims in issue. *Id.* at *6. The court noted the "conundrum that can be existential in the patent arena – what is a fact to be provided in the fact discovery phase, and what is reserved for disclosure during the expert discovery phase." *Id.* The same can be said in this case, where McCarron seeks to prove that exposure to a hazardous substance that has not yet caused him a tangible illness poses a sufficient risk that medical monitoring for him and other similarly situated individuals, at Defendants' expense, is warranted. Discussing what the plaintiff had disclosed in the fact discovery period, the *Summers Infant* court held that it was sufficient because the plaintiff had "marshal[ed] the [factual] references on which its experts [would] rely," while the substance of its legal position would not emerge until the expert phase. *Id.* The problem with the plaintiffs' position in the instant case is that they seek to withhold the factual references on

11

which their experts will rely until the expert phase of discovery. In the court's view, Defendants are entitled to discovery concerning the factual bases of the plaintiffs' claims at this time.

For the reasons set forth above, the plaintiffs are directed to produce documents in their possession, custody, or control (and, to be clear, documents in the possession of their counsel are in the plaintiffs' possession, custody, or control) that are responsive to Defendants' document requests numbers 39-47, 50, 88, 101, 113-117, and 120 that are directed to McCarron and document requests 34-42, 46, 106-107, and 109-113 that are directed to Hamelin.

Defendants' document requests 77 to McCarron and 74 to Hamelin request the production of all documents the plaintiffs will use to support a motion for class certification. These requests do not seek factual information. Instead, they seek – impermissibly – to discover plaintiffs' counsel's "mental impressions, conclusions, opinions, or legal theories … concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Defendants have not demonstrated a substantial need that would justify access to opposing counsel's mental impressions and legal theories in advance of the filing of a motion for class certification. Similarly, the court will not compel the plaintiffs to produce copies of the documents they provided to experts or documents on which their experts relied (Defendants' documents requests 109 and 110 to McCarron; document requests 91 and 92 to Hamelin) in advance of expert discovery, when facts or data considered by the expert are required to be disclosed. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii).

C. Contention interrogatories.

"Contention interrogatories ask a party to state its contentions, to provide the factual basis for a claim, or to explain how the law applies to a factual basis." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, MDL No. 13-2419-RWZ, 2015 WL 13715291, at *5 (D. Mass. Sept. 8, 2015) (citing *Hypertherm, Inc. v. Am. Torch Tip Co.*, Civil

No. 05-cv-373-JD, 2008 WL 5423833, at *2 (D.N.H. Dec. 29, 2008)).  "When a party seeks a response to a contention interrogatory, 'the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.'"  *United States ex. rel. Long v. Janssen Biotech, Inc.*, CIVIL ACTION NO. 16-12182-FDS, 2022 WL 4124018, at *4 (D. Mass. Sept. 9, 2022) (quoting Fed. R. Civ. P. 33(a)(2)).

Defendants' interrogatory number 7 asked McCarron to state the basis of his contention that he and other similarly situated individuals were exposed to radiation and radon for years.  Defendants' interrogatory number 8 requested granular detail from McCarron about the type of radiation to which he was exposed, the dates, locations, and duration of exposures, and the strength or magnitude of the exposures (Dkt. No. 82 at 22).  While the plaintiffs could have done more to explain the reasons why they cannot answer contention interrogatories at this time, the court notes that the plaintiffs have alleged that Defendants did not disclose the risk of radiation exposure to individuals working on pipelines and that McCarron and putative class members did not know their jobs were exposing them to radiation until April 2019 (Am. Compl. ¶¶ 86, 95, 97-101).  It appears that McCarron claims that he responded to the interrogatory that asked him to state the basis of the allegation that he and other similarly situated individuals were exposed to dangerous levels of radiation and radon for years and further explained the basis of this allegation during his deposition (Dkt. No. 82 at 20; Dkt. No. 85 at 3).  Defendants' interrogatory number 8 requests details that McCarron cannot be expected to provide, at least before the completion of fact and expert discovery, in view of Defendants' alleged failure to disclose the relevant facts and circumstances of gas line employees' alleged exposure to radioactive material.  For these reasons, so much of Defendants' motion to compel as seeks to compel answers to its interrogatories 7 and 8 is denied without prejudice to Defendants renewing this aspect of their

motion to compel if they claim to lack relevant information once expert discovery has been completed.

    D.  Privilege log

It is black letter law that a party withholding production of documents based on work product protection must provide the requesting party with a privilege log. *See* Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is … subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents … not produced …."). To the extent the plaintiffs continue to claim that they are entitled to withhold production of any documents after they comply with this court's order on Defendants' motion to compel, the plaintiffs must provide a privilege log that complies with the requirements of Rule 26(b)(5).

    IV.    <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to compel (Dkt. Nos. 65, 82) is granted in part and denied in part. To the extent this order requires the plaintiffs to produce documents, sign releases for medical records, or provide a privilege log or supplemental response, the plaintiffs should comply with this order by no later than January 19, 2023. No fees or costs to any party.

    It is so ordered.

Dated: December 19, 2022                                 <u>Katherine A. Robertson</u>
                                                                   KATHERINE A. ROBERTSON
                                                                    U.S. MAGISTRATE JUDGE